<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4614

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH JAMES HARRIS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-03-347-F)

Submitted: June 8, 2005                    Decided: July 12, 2005

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Keith James Harris, Jr., appeals his seventy-two month sentence imposed following his entry of a guilty plea to a charge of unlawful possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g) (2000). Harris does not challenge his conviction on appeal.

Including several enhancements, the Presentence Report ("PSR") determined that Harris' Sentencing Guidelines range was seventy to eighty-seven months' imprisonment. In written objections, Harris asserted that the judicial enhancements listed in the PSR violated his Sixth Amendment rights under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). However, at the time Harris was sentenced, this court had held that <u>Blakely</u> did not apply to the Federal Sentencing Guidelines in <u>United States v. Hammoud</u>, 378 F.3d 426 (4th Cir.) (order), <u>opinion issued by</u> 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), <u>cert. granted and judgment vacated</u>, 125 S. Ct. 1051 (2005). Accordingly, the district court overruled Harris' objections and adopted the PSR. Nevertheless, Harris' counsel renewed his objections to preserve the issues on appeal. In imposing a sentence of seventy-two months, the district court stated that it had followed the Sentencing Reform Act and 18 U.S.C. § 3553 (2000). The court also stated that the sentence it imposed is "what I would impose upon my discretionary authority pursuant to the statutes that I have mentioned."

Because Harris objected in the district court to the guidelines calculation under <u>Blakely</u>, he need not establish plain error. <u>Cf.</u> <u>United States v. White</u>, 405 F.3d 208 (4th Cir. 2005); <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005). Under Fed. R. Crim. P. 52(a), however, "[a]ny error . . . that does not affect substantial rights must be disregarded." Because the district court expressly stated that after considering the guideline range and section 3553, it would have imposed the same sentence, we conclude that any error under <u>Booker</u> is harmless. Moreover, we conclude that because the district court stated it considered section 3553, and imposed a sentence within the now-advisory guidelines range and below the statutory maximum for the offense, the sentence was reasonable. <u>Cf.</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 764-65, 767) (noting after <u>Booker</u>, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).

Accordingly, we affirm Harris' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>